IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC FLORES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 12-1377-LPS |
| | : |
| UNITED STATES DEPARTMENT OF HEALTH | : |
| AND HUMAN SERVICES, et al., | : |
| | : |
| Defendants. | : |

Eric Flores, El Paso, Texas, Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 26, 2013
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Eric Flores ("Flores") of El Paso, Texas filed this civil action on October 31, 2012 pursuant to the Federal Tort Claims Act. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*.

## II. BACKGROUND

Flores, a Texas resident and non-lawyer, filed a voluminous Complaint (D.I. 2) that attempts to obtain class certification for several of his living and deceased family members and friends who reside, or have resided, in Texas. The Complaint, entitled "Federal Tort Complaint Against Torture," alleges that white "executive employees of the federal government" have used "deadly technology to cause the wrongful death" of several class members and that federal agents or agencies are using "advanced technology with a direct signal to the satellite in outerspace [sic] that has the capability of calculateing [sic] a genetic code which causes [Flores] and his immediate relatives severe physical and mental pain for long durations exceeding calendar years which was equivalent in intensity to organ failure, impairment of body functions, and death." (*Id.* at ¶¶ (6)(I), (7)(I))

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515

1

F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal

elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. **DISCUSSION**

Since 2010, Flores has unsuccessfully filed the same or similar complaint in various districts around the country. The dismissals of those complaints have been upheld on appeal. *See, e.g., Flores v. United States Attorney Gen.*, 442 F. App'x 383 (10th Cir. Oct. 17, 2011); *Flores v. United States Attorney Gen.*, 434 F. App'x 387 (5th Cir. July 27, 2011); *Flores v. United States*, 2011 WL 1457142 (Cl. Ct. Apr. 8, 2011); *Flores v. United States*, 378 F. App'x 473 (5th Cir. May 20, 2010).

After reviewing the Complaint, the Court concludes that the allegations are not plausible on their face. Instead, the Complaint consists of fantastic or delusional claims that are clearly

3

baseless, warranting dismissal. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Accordingly, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004).

V.  **CONCLUSION**

For the reasons set forth above, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile.

An appropriate Order follows.